WK:KCM
F. #2022R00694

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*  November 15, 2022    *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Judge Irizarry
Magistrate Judge Reyes

UNITED STATES OF AMERICA

  - against -

ANGELINA GARCIA and
DEVIN MERCADO,

     Defendants.

I N D I C T M E N T

Cr. No. 22-CR-523
(T. 18, U.S.C., §§ 371, 500,
 981(a)(1)(C), 1708, 1709, 2 and 3551
 et seq.; T. 21, U.S.C., § 853(p);
 T. 28, U.S.C., § 2461(c))

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

INTRODUCTION

  At all times relevant to this Indictment, unless otherwise indicated:

Background

  1.  The defendant ANGELINA GARCIA was a resident of Brooklyn, New York, and was employed by the United States Postal Service ("USPS") as a clerk at the Fort Hamilton Post Office, located at 8801 Fifth Avenue in Brooklyn, New York.

  2.  The defendant DEVIN MERCADO was a resident of Queens, New York.

  3.  The USPS was an agency of the United States. Among other functions, the USPS issued postal money orders ("PMOs"). PMOs were negotiable financial instruments and were offered for sale at USPS post offices in any denomination from $1 to $1,000, in exchange for a small service fee, in additional to the value of the desired PMO. Each PMO resembled an ordinary bank check and contained a line for the purchaser to write the name of the entity or individual to whom the value of the PMO was to be paid, referred to as the "payee."

2

4.      USPS clerks, as part of their duties and responsibilities, among other things (a) assisted customers who came to a post office to purchase PMOs, and (b) participated in the handling and processing of envelopes and other items that customers had placed into the custody of the USPS for delivery.

## The Criminal Scheme

5.      From approximately February 2022 to September 2022, the defendant ANGELINA GARCIA, contrary to her duties and responsibilities as a USPS clerk, stole items that customers had placed into the custody of the USPS for delivery.   The mail that GARCIA stole contained, among other things, PMOs and checks (collectively, "instruments").

6.      After stealing these items, the defendant ANGELINA GARCIA passed them to the defendant DEVIN MERCADO.

7.      After the defendant DEVIN MERCADO received the stolen items from the defendant ANGELINA GARCIA, MERCADO manipulated instruments contained in them to remove the names of entities and individuals to whom the value of each instrument was to be paid.   Once MERCADO had removed the name of an intended payee, another name could be inscribed on the instrument, thereby allowing a person or entity other than the true payee to cash the instrument.

8.      The defendant DEVIN MERCADO sold the stolen instruments he had altered, and some that were stolen and unaltered, by posting them on his public channel on the communications application Telegram, titled "DaChefGodfather Glass & Grub Official Channel."   On this channel, MERCADO posted instructions about how to pay him for the stolen instruments using e-payment applications, including CashApp, Zelle and Bitcoin.   To ship the altered instruments to purchasers, MERCADO printed shipping labels bearing the return sender

name "Da Chef" using a Pitney Bowes shipping account registered to MERCADO at his residence.

9.    The defendant DEVIN MERCADO profited from the scheme by receiving payments from purchasers of these stolen instruments.   In addition, on occasion MERCADO inserted his own name where he had removed the name of the true payee, and profited by cashing the stolen instruments himself.

10.    The defendant DEVIN MERCADO paid the defendant ANGELINA GARCIA for her role in the criminal scheme, including a $2,000 payment made via Zelle.

11.    The defendants ANGELINA GARCIA and DEVIN MERCADO communicated by telephone to coordinate their criminal activities and stole more than 200 financial instruments with a total value in excess of $800,000.

## COUNT ONE
(Conspiracy to Commit Mail Theft and Pass Forged Postal Money Orders)

12.    The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13.    In or about and between February 2022 and September 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANGELINA GARCIA and DEVIN MERCADO, together with others, did knowingly and willfully conspire (a) to steal mail from and out of a post office, and to remove from such mail one or more articles and things contained therein, and to receive, conceal and unlawfully have in their possession one or more items of mail, and one or more articles and things contained therein, which had been so stolen, knowing the same to have been stolen, contrary to Title 18, United States Code, Section 1708, and (b) with intent to defraud, to pass one or more forged money orders purportedly issued by and under the direction of the USPS, knowing one or more

4

material alterations therein to have been falsely made, contrary to Title 18, United States Code, Section 500.

14.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ANGELINA GARCIA and DEVIN MERCADO, together with others, did commit and cause the commission of, among other acts, the following:

## OVERT ACTS

(a)     On or about February 2, 2022, MERCADO paid GARCIA approximately $2,000 via the electronic mobile payment application Zelle.

(b)     On or about August 18, 2022, MERCADO printed labels for two Priority Express packages (the "Priority Express Packages") from his Pitney Bowes shipping account.

(c)     On or about August 18, 2022, MERCADO placed the Priority Express Packages in the mail.

(d)     On or about September 10, 2022, GARCIA, while working as a Postal Mail Clerk at the Fort Hamilton U.S. post office, removed items of mail containing checks from the USPS mail stream.

(e)     On or about September 10, 2022, GARCIA gave MERCADO items of mail she had removed from the USPS mail stream.

(f)     On or about September 10, 2022, MERCADO delivered a Priority Express envelope to GARCIA.

(g)     On or about September 10, 2022, GARCIA scanned and placed the Priority Express envelope MERCADO had given her into the USPS mail stream.

5

(h)     On or about September 10, 2022, GARCIA removed an envelope containing two U.S. Postal Money Orders (the "September 10 PMOs") from the USPS mail stream.

(i)     On or about September 10, 2022, GARICIA gave the envelope containing the September 10 PMOs to MERCADO.

(j)     On or about September 12, 2022, MERCADO cashed the September 10 PMOs, which had been altered to falsely indicate that MERCADO was the intended payee, for $1,700 in United States currency.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Theft of Mail Matter by Postal Service Employee)

15.     The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

16.     In or about and between February 2022 and September 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANGELINA GARCIA, together with others, being a Postal Service employee, did knowingly and intentionally embezzle one or more letters, packages and mail, and one or more articles and things contained therein entrusted to her and which came into her possession intended to be conveyed by mail, and steal, abstract and remove from such letters, packages and mail one or more articles and things contained therein.

(Title 18, United States Code, Sections 1709, 2 and 3551 et seq.)

## COUNT THREE
(Possession of Stolen Mail)

17.     The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

6

18.      In or about and between February 2022 and September 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANGELINA GARCIA and DEVIN MERCADO, together with others, did knowingly and intentionally steal mail from and out of a post office, and remove from such mail one or more articles and things contained therein, and receive, conceal and unlawfully have in their possession one or more items of mail, and one or more articles and things contained therein, which had been so stolen, knowing the same to have been stolen.

(Title 18, United States Code, Sections 1708, 2 and 3551 et seq.)

## COUNT FOUR
(Passing of Forged Postal Money Orders)

19.      The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

20.      On or about September 10, 2022, within the Eastern District of New York and elsewhere, the defendant DEVIN MERCADO, together with others, did knowingly and with intent to defraud pass and attempt to pass one or more forged and altered money orders issued by and under the direction of the USPS, knowing one or more material alterations therein to have been falsely made.

(Title 18, United States Code, Sections 500, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, THREE AND FOUR

21.      The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One, Three and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to

7

forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

        22.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Mary Beth Glickman*

FOREPERSON

*Breon Peace*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.# 2022R00694

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ANGELINA GARCIA and DEVIN MERCADO,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 500, 981(a)(1)(C), 1708, 1709, 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_Mary Beth Glickman_ _ _ _ _ _ _ _ _ _ _ _
                                                                    *Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                                                    *Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Kaitlin C. McTague, Assistant U.S. Attorney (718) 254-6280**